IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID SHAW, )
)
      Plaintiff, )
)
v. ) Civil Action No. 07-1553
)
STATE FARM INSURANCE COMPANY, )
)
      Defendant. )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.
                                    July 15, 2008

      This is an insurance coverage case. Plaintiff, David Shaw, filed suit against defendant, State Farm Insurance Company, seeking Uninsured/Underinsured ("UM/UIM") benefits under his State Farm Auto Policy. The parties have filed cross-motions for summary judgment. The dispositive issue is a legal one: whether plaintiff is entitled to recover UM/UIM benefits under his policy for injuries sustained during the course and scope of his employment due to the negligence of a co-worker. For the reasons set forth below, the court finds that plaintiff is not entitled to recover benefits under the policy. Plaintiff's motion for summary judgment [Doc. No. 17] is, therefore, DENIED, and defendant's motion for summary judgment [Doc. No. 20] is GRANTED.

      The material facts are neither complicated nor in

dispute.[1] Plaintiff was injured at work while riding a garbage truck negligently driven by his co-worker. Plaintiff and his co-worker were acting in the course and scope of their employment at the time of the accident. Thereafter, plaintiff sought workers' compensation benefits, which he received. Plaintiff did not sue his co-worker nor his employer for his injuries, recognizing that both are immune from liability pursuant to Pennsylvania's Workers' Compensation Act, 77 Pa. Cons. Stat. §§ 72, 481 (2007).

Plaintiff, however, submitted a claim to defendant for UM/UIM benefits under his own policy of insurance for the extent of his damages not recoverable under the Workers' Compensation Act. Defendant denied his claim.

Pursuant to the plain language of the policy, plaintiff's ability to recover benefits is limited. The policy provides in relevant part:

> We will pay damages for bodily injury an insured is **legally entitled to collect** from the owner or driver of an uninsured motor vehicle. (Emphasis added).

[Doc. No. 19 at ¶12]. Based upon this unambiguous language, to recover insurance benefits, plaintiff must be "legally entitled to collect" from the driver of the garbage truck, his co-worker. As stated above, plaintiff cannot recover from his co-worker because

---

[1] The parties have filed a joint statement of stipulated facts [Doc. No. 19] upon which the court relies for purposes of this opinion.

Pennsylvania law provides that the Workers' Compensation Act is the exclusive remedy for recovering loss due to work related injuries, including injuries caused by the negligence of a co-worker. 77 Pa. Cons. Stat. §§ 72, 481(a) (2007). As such, plaintiff is not "legally entitled to collect" from his co-worker. Because plaintiff is not "legally entitled to collect" from his co-worker, defendant is not obligated to pay benefits under the policy. See Nationwide Mut. Ins. Co. v. Chiao, 186 Fed.Appx. 181, 185 (3d Cir. 2006).[2]

Accordingly, defendant's motion for summary judgment [Doc. No. 20] is GRANTED, and plaintiff's motion for summary judgment [Doc. No. 17] is DENIED. The Clerk is directed to close this case forthwith.

BY THE COURT:

*signature* J.

cc: All Counsel of Record

---

[2] Chiao is unpublished and not precedential and, therefore, not binding authority. See 3d Cir. I.O.P. 5.7. An unpublished opinion of the Court of Appeals is, however, persuasive precedent. See City of Newark, N.J. v. U.S. Dept. Of Labor, 2 F.3d 31, 33 n. 3 (3d Cir. 1993) ("Although we recognize that this unpublished opinion lacks precedential authority, we nonetheless consider persuasive its evaluation of a factual scenario virtually identical to the one before us in this case.")